```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            SOUTH BEND DIVISION
```

THE CINCINNATI          )
INSURANCE COMPANY       )
a/s/o JASON and         )
MICHELLE HOWARD,        )
                        )
     Plaintiff,         )
                        )    CAUSE NO. 3:14-CV-1731
        vs.             )
                        )
LENNOX INDUSTRIES,      )
INC.,                   )
                        )
     Defendant.         )

## OPINION AND ORDER

This matter is before the Court on Lennox Industries Inc.'s Motion to Reconsider Opinion and Order, filed by Defendant, Lennox Industries, Inc., on February 29, 2016 (DE #46). For the reasons set forth below, the motion (DE #46) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Count III, and the Clerk is **ORDERED** to **DISMISS WITH PREJUDICE Count III** (for breach of warranty). The motion is **DENIED as to Count II** for strict products liability, which **REMAINS PENDING**.

BACKGROUND

On February 9, 2016, this Court entered its opinion and order on Lennox's motion for summary judgment, granting in part and denying in part Lennox's motion for summary judgment. (DE #45.)

The Court granted summary judgment in favor of Lennox on the claims for design defect and failure to warn, but denied summary judgment on CIC's claims for breach of warranty (Count III) and manufacturing defect (Count II).

Lennox filed a motion to reconsider this Court's February 9, 2016 (DE #45) order, arguing that summary judgment should have been granted on all of CIC's claims (including the claims for breach of warranty and manufacturing defect). (DE #46.) On March 28, 2016, this Court took the motion under advisement and ordered CIC to file a response on or before April 11, 2016. (DE #48.) To date, CIC has not filed a response to the motion to reconsider.

DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982). A motion for reconsideration performs a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

2

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [motion]." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). In other words, the parties cannot introduce evidence previously available, but not used in the prior proceeding. *See Roche Diagnostics Corp. v. Bayer Corp.,* 247 F.Supp.2d 1065, 1068 (S.D. Ind. 2003). Motions for reconsideration are also not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1264, 1270 (citations omitted).

I. <u>Breach of Warranty Claim (Count III)</u>

The Court denied summary judgment on the breach of warranty claim (Count III), finding CIC did not specifically argue the grounds upon which it was entitled to summary judgment on this claim (DE #45, p. 21). The Court was well aware that Lennox moved for summary judgment on all claims. It was, however, concerned that Lennox did not put CIC on notice for the grounds that Lennox was seeking summary judgment on Count III, the claims for breach of warranty. "The party opposing summary judgment has no obligation

3

to address grounds not raised in a motion for summary judgment." *Pourghoraishi v. Flying J*, 449 F.3d 751, 765 (7th Cir. 2006); *see also Titran v. Ackman*, 893 F.2d 145, 148 (7th Cir. 1990) ("When a party moves for summary judgment on ground A, the opposing party need not address grounds B, C, and so on; the number of potential grounds for (and arguments against) summary judgment may be large, and litigation is costly enough without requiring parties to respond to issues that have not been raised on pain of forfeiting their position.").

Upon due consideration, and based upon the argument in Lennox's brief in support of its motion to reconsider, it seems that this Court did misunderstand Lennox's arguments on this claim. Going back to the summary judgment memoranda, Lennox did argue that all of CIC's claims against Lennox were subject to the requirements of the IPLA, and subsumed by the IPLA. CIC did not respond to these arguments in its memorandum in opposition to the motion for summary judgment. Moreover, CIC failed to file a memorandum in opposition to the instant motion for reconsideration, despite being ordered to do so. Therefore, summary judgment is appropriate in favor of Lennox on Count III.

   II.   Count II - Manufacturing Defect

This Court analyzed and ruled upon CIC's claim for strict liability for a manufacturing defect, finding CIC's claim survived summary judgment. In the instant motion, Lennox reargues the merits

of the case, and sets forth arguments about cases (*Whitted v. General Motors Corp.*, 58 F.3d 1200 (7th Cir. 1995); and *Ford Motor Co. v. Reed*, 689 N.E.2d 751 (Ind. Ct. App. 1997)), that were already specifically addressed and analyzed by the Court (DE #45, pp. 17-19). A motion to reconsider is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001).

Lennox merely rehashes arguments previously rejected by this Court, and has not clearly established a manifest error of law or an intervening change in the controlling law. Consequently, the Court stands by its previous order (DE #45) regarding Count II, and that claim remains pending.

CONCLUSION

For the reasons set forth above, the motion to reconsider (DE #46) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Count III, and the Clerk is **ORDERED** to **DISMISS WITH PREJUDICE Count III** (for breach of warranty). The motion is **DENIED as to Count II** for strict products liability, which **REMAINS PENDING**.

**DATED: April 25, 2016**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**