**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

THE CINCINNATI            )
INSURANCE COMPANY         )
a/s/o JASON and           )
MICHELLE HOWARD,          )
                          )
Plaintiff,                )
                          )    CAUSE NO. 3:14-CV-1731
        vs.               )
                          )
LENNOX INDUSTRIES,        )
INC.,                     )
                          )
Defendant.                )

## OPINION AND ORDER

This matter is before the Court on Lennox Industries Inc.'s Motion to Certify Opinion and Order for Interlocutory Review, filed by Defendant, Lennox Industries Inc., on May 13, 2016 (DE #50). For the reasons set forth below, the motion (DE #50) is **DENIED.**

BACKGROUND

Plaintiff, the Cincinnati Insurance Company ("CIC"), filed its complaint in state court on June 23, 2014 (DE #5). The case was removed to this Court in July, 2014. On August 6, 2015, Defendant, Lennox Industries Inc. ("Lennox"), filed a motion for summary judgment, requesting summary judgment against CIC (DE #30). On February 9, 2016, this Court entered its opinion and order on Lennox's motion for summary judgment, granting in part and denying

in part Lennox's motion for summary judgment (DE #45). The Court
granted summary judgment in favor of Lennox on the claims for
design defect and failure to warn, but denied summary judgment on
CIC's claims for manufacturing defect (Count II), and noted that
its claims for breach of warranty (Count III) survived as well.

Lennox filed a motion to reconsider this Court's February 9,
2016 (DE #45) order, arguing that summary judgment should have been
granted on all of CIC's claims (including the claims for breach of
warranty and manufacturing defect). (DE #46.) On April 25, 2016,
this Court granted the motion to reconsider as to Count III, which
was dismissed, but denied the motion as to Count II for strict
products liability, which remains pending. (DE #49.)

Lennox filed the instant motion to certify this Court's April
25, 2016 opinion and order (DE #49) for interlocutory review. The
Plaintiff did not file anything in response; therefore, the motion
is ripe for adjudication.


DISCUSSION

Interlocutory appeals are governed by Title 28 U.S.C. section
1292(b), which provides:

> When a district judge, in making in a civil
> action an order not otherwise appealable under
> this section, shall be of the opinion that
> such order involves a controlling question of
> law as to which there is substantial ground
> for difference of opinion and that an
> immediate appeal from the order may materially
> advance the ultimate termination of the

litigation, he shall so state in writing in such order.

An interlocutory appeal is available only when: "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002).

Certificates of appealability under this section are generally disfavored because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). Thus, the party seeking an interlocutory appeal must show that **"**exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of a final judgment**."** *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Therefore, "the preferred practice is to defer appellate review until the entry of a final judgment. . .." *Herdrich*, 154 F.3d at 368.

Lennox claims the denial of its motion for summary judgment on its manufacturing defect claim is appropriate for interlocutory review because:

3

> While *Whitted* and *Reed* permit a plaintiff to
> introduce inferential evidence of a manufacturing
> defect by negating other possible causes of the
> incident, neither case remotely suggests that a
> plaintiff can utilize this method of proof when
> their own proffered expert witness unambiguously
> testifies that a manufacturing defect, as defined
> by the IPLA, **does not exist in the product at
> issue.**

(Br. In Support of Mot. To Certify, at 2 (emphasis added).)

This Court agrees that its April 25, 2016 Order involves a question of law, that the question is controlling, and that, if the desired interlocutory appeal was decided in Lennox's favor, this case would be terminated. The Court disagrees, however, with Lennox's contention that there is a substantial ground for difference of opinion as to the question of law.

In its original order denying summary judgment on Count II for strict liability for a manufacturing defect, the Court spent considerable time analyzing *Ford Motor Co. v. Reed*, 689 N.E.2d 751 (Ind. Ct. App. 1997); *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1209 (7th Cir. 1995); and *Gaskin v. Sharp Electronics Corp.*, No. 2:05-CV-303, 2007 WL 2819660 (N.D. Ind. Sept. 26, 2007). (DE #45 at 17-21.) Lennox's sole argument for interlocutory appeal is that while *Whitted* and *Reed* permit a plaintiff to introduce inferential evidence of a manufacturing defect by negating other possible causes, those cases do not suggest a plaintiff can use this method of proof when their expert witness testifies that a manufacturing defect "does not exist in the product at issue." (DE

4

#51 at 2.) This Court never stated in its opinion, and indeed, expert O'Neal never testified during his deposition (Brad O'Neal Dep., pp. 28-29; 140), that there is no manufacturing defect in the ACU. This Court stated: "O'Neal specifically testified during his deposition that he is **not offering** any opinion that the alleged electrical arcing resulted from a defective or unreasonably dangerous characteristic of the ACU." (DE #45 at 5 (emphasis added).) O'Neal's testimony that he is not offering any opinion in regard to a manufacturing defect does not support Lennox's illogical jump to the conclusion that O'Neal testified it is his expert opinion that there was no manufacturing defect in the ACU.

This case is indeed like *Gaskin*, in which a fire cause and origin expert analyzed the scene, eliminated other sources of the fire, determined that the fire started at the television, but stated during his deposition that "he is not qualified to render any opinions about the television, therefore, he does not have any opinion regarding whether the television was the cause of the fire." *Gaskin*, 2007 WL 2819660, at *3. This Court in *Gaskin* concluded that:

> Viewing the facts in the light most favorable to the nonmovant, as this Court must on summary judgment, it finds that Shand has sufficiently negated other reasonably possible causes, and Plaintiffs have satisfied the fourth method of proving a manufacturing defect as annunciated in *Whitted* and *Reed*.

*Id.* at *8.

Similarly, in this case, Cooper, an investigator with Unified Investigations & Sciences, Inc., stated in his report that "[t]he fire originated at the condensing unit on the west exterior of the home" (DE #35-2, Cooper's Report, p. 2); and O'Neal, a forensic engineer, opined that "[a]rc mapping placed the fire originating inside the condensing unit, which was also consistent with the fire investigator's area of origin." (DE #35-3, O'Neal Report, p. 7.) Both experts investigated other potential causes of the fire and ruled out other sources. (DE #35-2, p. 4; DE #35-3, p. 7.) O'Neal ultimately concluded that "[n]o other competent ignition sources were identified which would cause the damage observed; therefore, the arcing at the compressor was the fire's ignition source." (DE #35-3, p. 7.) Like Shand in *Gaskin*, O'Neal offers no opinion about whether there was a manufacturing defect in the ACU. This is sanctioned by *Reed*, which holds that a plaintiff can prove a product defect by using any of four methods including inferential evidence by negating other possible causes. *Reed*, 689 N.E.2d at 753. In sum, this Court's decision is in line with current case law and after re-evaluating the pertinent cases and its previous orders, this Court finds that Lennox has not demonstrated that there are substantial grounds for differences of opinion as to any relevant question of law.

Lennox has also failed to meet its burden of showing that exceptional circumstances justify departure from this Circuit's

6

general policy of postponing appellate review until after the entry
of final judgment. *See Ahrenholz*, 219 F.3d at 676 ("Unless *all*
the[] criteria are satisfied, the district court may not and should
not certify its order to us for an immediate appeal under section
1292(b)."). Accordingly, this Court exercises its discretion to
deny the request for interlocutory appeal. *See Swint v. Chambers
County Comm'n*, 514 U.S. 35, 47 (1995)("Congress thus chose to
confer on district courts first line discretion to allow
interlocutory appeals."); *Kuzinski v. Schering Corp*., 614 F.Supp.2d
247, 249 (D. Conn. 2009)("Even where [the criteria for an
interlocutory appeal] are met, the Court retains discretion to deny
permission for interlocutory appeal.").


CONCLUSION

       For the reasons set forth above, Lennox Industries Inc.'s
Motion to Certify Opinion and Order for Interlocutory Review (DE
#50) is **DENIED**.


DATED: July 19, 2016                    /s/ RUDY LOZANO, Judge
                                        **United States District Court**

7